IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Chapter 13 |
| | : | |
| **NOEL L. & KIMBERLY M. WILSON,** | : | Case No. **07-21417-JKF** |
| | : | |
| | : | Adv. No. **09-02025-JKF** |
| *Debtors*, | : | |
| ====================================== | : | |
| **NOEL L. & KIMBERLY M. WILSON,** | : | |
| | : | |
| *Plaintiffs,* | : | |
| | : | |
| vs. | : | |
| | : | |
| **DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC,** | : | |
| | : | |
| *Defendant,* | : | |

## DEBTORS' RESPONSE TO MOTION TO DISMISS

AND NOW come the Plaintiffs, NOEL L. & KIMBERLY M. WILSON, by and through their Attorney, MICHAEL S. GEISLER, ESQUIRE, and file this Response, of which the following is a statement:

1. The Plaintiffs are the Debtors, NOEL L. & KIMBERLY M. WILSON.

2. The Debtors filed a Chapter 13 Petition on March 7, 2007.

- 1 -

3. The Defendant is DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC whose address is c/o Brian E. Caine, Esquire, Deily Mooney & Glastetter, LLP, One Greentree Center, 10000 Lincoln Drive East, Suite 201, Marlton, NJ 08053.

4. The subject property is a 2002 Dodge Caravan.

5. The Plaintiffs believe that the subject property had a fair market value of $2,000.00 at the time of filing.

6. The Defendant is the holder of an alleged secured claim in the amount of $12,862.06.

7. The Plaintiffs believe that the claim of the Defendant is secured in the amount of $2,000.00 and that the remainder of the Defendant's claim is unsecured.

8. The Defendant has filed a Motion to Dismiss which does not list their reasons in sequential paragraphs.

9. The Defendant claims that there was a deadline for filing a Complaint to Determine Secured Status under Section 506 of the Bankruptcy Code created by the Court's Confirmation Order of October 15, 2007.

10. There is no such deadline for filing a Section 506 action. The Section 506 deadline in the Court's Order does not affect the substantive rights of the Plaintiffs.

11. Bankruptcy cases have been reopened to allow the filing of lien avoidance actions. In re Sheckard, 386 B.R. 118 (Bankr. E.D.Pa. 2008).

12. The Defendant claims that the Plaintiff is now barred from filing a Section 506 action because it was not raised pre-confirmation in the Chapter 13 Plan.

13. A Chapter 13 Plan and confirmation order is ineffective in obtaining relief under Section 506 of the Bankruptcy Code.

14. To obtain relief under Section 506 of the Bankruptcy Code, an Adversary Complaint must be filed. *SLW Capital LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin),* 530 F.3d 230, 232 (3d Cir. 2008).

15. If a provision would have been included in the Chapter 13 Plan indicating that a Section 506 action was contemplated, it would not have required an Objection by Defendant to preserve its rights.

16. The contemplation of a Section 506 action is not a confirmation issue.

17. The confirmation of a Plan with a provision indicating a Section 506 action would be filed would not have determined the value of the collateral.

WHEREFORE, the Plaintiffs pray that this Court enter an order denying Defendant's Motion to Dismiss.

DATED: 3/2/2009

/s/ Michael S. Geisler
_____

**MICHAEL S. GEISLER, ESQUIRE**
Pa. I.D. No. 39414
Attorney for Plaintiffs

410 Jonnet Building
Monroeville, PA 15146
Tele:    (412) 372-2820
Fax:    (412) 372-2513

## CERTIFICATE OF SERVICE

I, MICHAEL S. GEISLER, ESQUIRE, Attorney for the Plaintiff, hereby certify that I have served a true and correct copy of the within Response upon the following by electronic means:

RONDA J. WINNECOUR, TRUSTEE
3250 US Steel Tower
Pittsburgh, PA 15219

BRIAN E. CAINE, ESQUIRE
Deily, Mooney & Glastetter, LLP
One Greentree Center
10000 Lincoln Drive East, Suite 201
Marlton, NJ 08053

DATED: 3/2/2009

/s/ Michael S. Geisler
_____
**MICHAEL S. GEISLER, ESQUIRE**
Pa. I.D. No. 39414
Attorney for Plaintiffs

410 Jonnet Building
Monroeville, PA 15146
Tele:   (412) 372-2820
Fax:    (412) 372-2513