IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Chapter 13 |
| | : | |
| **NOEL L. & KIMBERLY M. WILSON,** | : | Case No. **07-21417-JKF** |
| | : | |
| | : | Adv. No. **09-02025-JKF** |
| *Debtors,* | : | |
| ==================================== | : | |
| **NOEL L. & KIMBERLY M. WILSON,** | : | |
| | : | |
| *Plaintiffs,* | : | |
| | : | |
| vs. | : | |
| | : | |
| **DAIMLERCHRYSLER FINANCIAL** | : | |
| **SERVICES AMERICAS LLC,** | : | |
| | : | |
| *Defendant,* | : | |

## DEBTORS' BRIEF IN RESPONSE TO MOTION TO DISMISS

AND NOW come the Plaintiffs, NOEL L. & KIMBERLY M. WILSON, by and through their

Attorney, MICHAEL S. GEISLER, ESQUIRE, and file this Brief, of which the following is a statement:

## FACTS:

The Debtors filed a Chapter 13 Petition on March 7, 2007.  The Defendant is Daimlerchrysler

Financial Services Americas LLC. The subject property is a 2002 Dodge Caravan. The Plaintiffs

believe that the subject property had a fair market value of $2,000.00 at the time of filing.   The

Defendant is the holder of an alleged secured claim in the amount of $12,862.06.  The Plaintiffs believe

that the claim of the Defendant is secured in the amount of $2,000.00 and that the remainder of the

Defendant's claim is unsecured.


The Defendant has filed a Motion to Dismiss asserting that there was a deadline for filing a

Complaint to Determine Secured Status under Section 506 of the Bankruptcy Code created by the

Court's Confirmation Order of October 15, 2007 and that the Court's confirmation of a Chapter 13

Plan without a provision for a Section 506 action was res judicata barring a Section 506 action in the

future.  The Defendant also asserts that any Trustee distributions cannot be reversed.


I.      WHETHER A SECTION 506 ACTION IS BARRED BY THE COURT'S DEADLINE IN

        ITS CONFIRMATION ORDER?


There is no such deadline for filing a Section 506 action.  A debtor's Section 506 action was

not precluded on the grounds of untimeliness even though the motion was filed more than seven months

after confirmation of Chapter plan.  *In re Lewis*, 875 F.2d 53 (3d Cir. 1989)  The Section 506

deadline in the Court's Order does not affect the substantive rights of the Plaintiffs.  Bankruptcy cases

have been reopened to allow the filing of lien avoidance actions.  The purpose of the provision is to

move the process along and give the Trustee comfort in making distributions that it will not be

responsible for a wrong distribution. *In re Sheckard*, 386 B.R. 118 (Bankr. E.D.Pa. 2008)(25 months

from discharge to motion to reopen). *In re Kelly*, 311 B.R. 341 (Bankr. W.D. NY 2004)(four years

between discharge and motion to reopen not laches), *In re Male*, 362 B.R. 238 (Bankr. E.D. North

Carolina 2007) (two years after case closed)

II.     THE COURT'S CONFIRMATION OF A CHAPTER PLAN IS NOT RES JUDICATA AS

        TO A SUBSEQUENT 506 ACTION.


        The Defendant claims that the Plaintiff is now barred from filing a Section 506 action because it

was not raised pre-confirmation in the Chapter 13 Plan.   A Chapter 13 Plan and confirmation order is

ineffective in obtaining relief under Section 506 of the Bankruptcy Code.   To obtain relief under Section

506 of the Bankruptcy Code, an Adversary Complaint must be filed. *SLW Capital LLC v. Mansaray-*

*Ruffin* (*In re Mansaray-Ruffin*)*,* 530 F.3d 230, 232 (3d Cir. 2008).   A confirmation order is res

judicata as to all issues decided or which could have been decided at the hearing on confirmation.   *In re*

*Szostek*, 886 F.2d 1405 (3rd Cir. 1989)   If a provision would have been included in the Chapter 13

Plan indicating that a Section 506 action was contemplated, it would not have required an Objection by

Defendant to preserve its rights. Adversary proceedings are not part of the confirmation process. *In re*

*Strong*, 203 B.R. 105 (Bankr. N.D. Ill 1996).   The contemplation of a Section 506 action is not a

confirmation issue.  The confirmation of a Plan with a provision indicating a Section 506 action would be

filed would not have determined the value of the collateral.


III.    WHETHER  THE  DISTRIBUTIONS  OF  A  CHAPTER  13  TRUSTEE  CAN  BE

        RECOVERED DURING THE PENDENCY OF A CHAPTER 13 CASE?


        If the Complaint is determined in favor of the Plaintiff, the Trustee distributions paid in reliance

on the Chapter 13 plan have been recoverable in the past and could be recovered.  *In re Kelderman*,

75 B.R. 69 (Bankr. S.D. Iowa 1987). *In re Madden*, 388 F. Supp. 47 (USDC Idaho 1975); *In re Wilson*, 274 B.R. 4 (Bankr. DC 2001).


      IN CONCLUSION, for the reasons stated above, the Court should deny Defendant's Motion to Dismiss.


                        Respectfully submitted,


                        /s/ Michael S. Geisler

                        _____

                        **MICHAEL S. GEISLER, ESQUIRE**

                        Pa. I.D. No. 39414

                        Attorney for Plaintiffs

                        410 Jonnet Building

                        Monroeville, PA 15146

                        Tele:    (412) 372-2820

                        Fax:    (412) 372-2513

## <u>CERTIFICATE OF SERVICE</u>

I, MICHAEL S. GEISLER, ESQUIRE, Attorney for the Plaintiffs, hereby certify that I have

served a true and correct copy of the within Brief upon the following by electronic means:

RONDA J. WINNECOUR, TRUSTEE
3250 US Steel Tower
Pittsburgh, PA 15219

BRIAN E. CAINE, ESQUIRE
Deily, Mooney & Glastetter, LLP
One Greentree Center
10000 Lincoln Drive East, Suite 201
Marlton, NJ 08053

/s/ Michael S. Geisler

DATED: 4/6/2009          _____

**MICHAEL S. GEISLER, ESQUIRE**
Pa. I.D. No. 39414
Attorney for Plaintiffs

410 Jonnet Building
Monroeville, PA 15146
Tele:    (412) 372-2820
Fax:     (412) 372-2513